IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LINDA S. LAND                                                                                    PLAINTIFF

V.                                             NO. 11-5024

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration                       DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Linda S. Land, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed her current applications for DIB and SSI on October 26, 2007, alleging an inability to work since January 1, 1992, due to "Back ache nos, benign hypertension, myalgia, chronic obstructive pulmonary disorder, joint pain, acute pancreatitis, chest pain." (Tr. 114-115, 119). An administrative hearing was held on May 5, 2009, at which Plaintiff appeared with counsel and she and her friend testified. (Tr. 6-30).

By written decision dated November 2, 2009, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - back

-1-

disorder; obesity; and anxiety disorder. (Tr. 40). However, after reviewing all of the evidence presented, he determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 40). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that she can do no more than the following: occasionally lift and/or carry 20 pounds and frequently lift and/or carry 10 pounds; sit for 6 hours in a day in 2 hour time blocks without interruption; stand and/or walk for 6 hours in a day in 2 hours[sic] time blocks without interruption. The claimant has moderate restrictions in maintaining social functioning and in maintaining concentration, persistence and pace. She is moderately limited in the ability to appropriately respond to usual work situations and routine work changes. Moderately limited means there is more than a slight limitation, but the person can perform in a satisfactory manner. She can perform work where interpersonal contact is incidental to the work performed, complexity of tasks is learned and performed by rote, with few variables and little judgment. Furthermore, her supervision will need to be simple, direct, and concrete.

(Tr. 42). With the help of a vocational expert (VE), the ALJ determined Plaintiff could not perform her past relevant work, but would be able to perform other work, such as a small product assembler, small production machine operator, and production inspector. (Tr. 45).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on December 3, 2010. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 7, 8).

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by

AO72A
(Rev. 8/82)

substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial

-3-

gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III.  Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. §404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own description of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "The ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In the present case, Plaintiff was treated for various conditions on numerous occasions

AO72A
(Rev. 8/82)

by her treating physician, Dr. R. Dale Clemens, for approximately twelve years, beginning in 1996. Over that period of time, Plaintiff suffered from, <u>inter alia</u>, chronic back pain, hip pain, knee pain, foot pain, bowel and bladder incontinence, hypertension, depression, anxiety, and shoulder pain. On July 8, 2006, when Plaintiff was admitted to Siloam Springs Memorial Hospital, Dr. Clemens diagnosed Plaintiff with pancreatitis; history of tobacco use; chronic back pain; chronic anxiety; chronic renal insufficiency; hypertension; hip pain; and apparent drug abuse. (Tr. 207). In the Discharge Summary dated July 12, 2006, Dr. Clemens listed the following as admitting diagnoses: acute pancreatitis; chronic pain syndrome; history of hypertension; chronic obstructive pulmonary disease; chronic anxiety; obesity; depression; tobacco use; marijuana use; diabetes; and anemia. (Tr. 208).

On August 20, 2008, Dr. Clemens completed a Physical RFC Assessment, Short Form. In the form, Dr. Clemens reported that Plaintiff could not sit for six hours of an eight hour work-day; could not sit/stand/walk in combination for eight hours in an eight hour work-day; could not perform part-time work activities of any nature for more than ten hours in a forty hour work-week; required four or more unscheduled work breaks in an eight hour work-day due to physical restrictions; and had significant limitations in the ability to handle and work with small objects with both hands. Dr. Clemens also reported that the assessment was for the time period from April 27, 2008 and continuing. (Tr. 192, 242). Also on August 20, 2008, Dr. Clemens completed a Medical Source Statement, wherein he concluded that Plaintiff could: frequently lift and/or carry less than 10 pounds; occasionally lift and/or carry 10 pounds; stand and/or walk a total of 2 hours in an 8 hour work-day and, continuously for ½ hour before break - "uses

crutches;" could sit a total of 4 hours in an 8 hour work-day, and continuously for 1 hour before break; push and/or pull (including hand/or foot controls) limited in lower extremities; required 5 or more work breaks or bathroom breaks; and must lie in a supine position for a total of 4 hours in an 8 hour work-day. (Tr. 193). Dr. Clemens further found that Plaintiff could climb, balance, squat, kneel, crouch, and bend less than 2 out of 8 hours; could reach in all directions less than 2 out of 8 hours; could handle (gross manipulation) 2 out of 8 hours; grip less than 2 out of 8 hours; feel 6 out of 8 hours; and must avoid all exposure to extreme cold, vibration, and hazards (machinery or heights). (Tr. 194). This assessment was also for the time period of April 23, 2008 and continuing. (Tr. 194).

On December 30, 3008, Dr. Clemens saw Plaintiff, who was complaining of leg pain, and noted that the pain was aggravated by movement, sitting and walking, and that there were no relieving factors. (Tr. 255). He noted associated symptoms included decreased mobility, limping, numbness and tingling in legs. (Tr. 255). It is also noteworthy that Plaintiff began using crutches in 1998 because of her back and leg pain. (Tr. 307).

In his decision, the ALJ addressed Dr. Clemens' conclusions as follows:

> In January of 2008 a state agency analysis concluded in its physical residual functional capacity assessment that the claimant could perform medium level work (Exhibit 4F). On the other end of the spectrum, in August of 2008, a doctor whose treatment of the claimant had been somewhat limited since December of 2006, concluded that the claimant had severe limitations. In fact, the level of limitation found by this doctor would clearly preclude any type of sustained work on the part of the claimant (Exhibits 1F and 9F). The undersigned finds, based on the evidence as a whole that the claimant's actual limitations fall within these two opinions, at the light level. The remaining limitations noted in the residual functional capacity assigned are related in large part to the claimant's anxiety.

-6-

(Tr. 43).

The Court is concerned that the ALJ gave such little weight to Dr. Clemens' findings with respect to Plaintiff's physical abilities, especially since he had been treating her since 1996. "A treating physician's opinion is given controlling weight if it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [a claimant's] case record.'" Halverson v. Astrue, 600 F.3d 922, 929-930 (8th Cir. 2010) quoting Tilley v. Astrue, 580 F.3d 675, 679 (8th Cir. 2009) and 20 C.F.R. § 404.1527(d)(2). This is determined by evaluating the record as a whole. Halverson, 600 F.3d at 929. The fact that Dr. Clemens did not see Plaintiff in 2007 does not convince the Court that his opinion regarding Plaintiff's physical abilities should not be given more weight. In addition, the Court believes there are questions that are raised in the record regarding some of Dr. Clemens' diagnoses, which required further investigation by the ALJ. The ALJ has a duty to fully and fairly develop the record. See Frankl v. Shalala, 47 F.3d 935, 938 (8th Cir. 1995); Freeman v. Apfel, 308 F.3d 687, 692 (8th Cir. 2000). This can be done by re-contacting medical sources and by ordering additional consultative examinations, if necessary. See 20 C.F.R. § 404.1512. The ALJ's duty to fully and fairly develop the record is independent of Plaintiff's burden to press her case. Vossen v. Astrue, 612 F.3d 1011, 1016 (8th Cir. 2010). However, the ALJ is not required to function as Plaintiff's substitute counsel, but only to develop a reasonably complete record. See Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995)("reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial").

At one point in 2006, Dr. Clemens diagnosed Plaintiff with pancreatitis, chronic renal

insufficiency, chronic obstructive pulmonary disease, diabetes, and anemia. (Tr. 207-208). However, the basis upon which Dr. Clemens gave these diagnoses is not clear. Plaintiff also has been using crutches since 1998, and there is no indication that Dr. Clemens, or any other physician, opined as to whether crutches were necessary, whether Plaintiff should be using them, or the impact the use of them might have on Plaintiff's ability to work. Further, the record is replete with instances where Plaintiff complained of experiencing bowel incontinence, to the point that she would not be able to leave home, and sometimes had to shower because she could not make it to the bathroom in a timely manner. Plaintiff's friend of twenty-four years corroborated this problem. (Tr. 26-27). The ALJ did not address this problem in his decision.

The Court believes that an examination by a gastroenterologist or an internist would be appropriate in order to see if Plaintiff's bowel condition could be treated effectively. Certainly, this condition, as well as some of the other conditions noted by Dr. Clemens, could further affect Plaintiff's ability to function in the workplace. Accordingly, the Court finds remand necessary so that the ALJ can more fully and fairly develop the record regarding Dr. Clemens' opinions and diagnoses and Plaintiff's physical RFC.

On remand, the ALJ is directed to submit interrogatories to Dr. Clemens regarding his various diagnoses, and the basis upon which he rendered those diagnoses. The ALJ should also obtain the opinion of an examining physician, specifically an internist or a gastroenterologist, regarding Plaintiff's bowel incontinence.

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a VE any limitations that are indicated in the RFC assessments and supported

by the evidence.

**IV.    Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 23rd day of April, 2012.

/s/ *Erin L. Setser*
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)